### CITY OF COVINGTON *v.* CHAS. CHAMBERS.

**Municipal Corporations—Assessment for Street Improvement—Recovery of Money Paid.**

Where defendant in a street assessment proceeding, on the sustaining of a demurrer to his answer, paid the claim on consideration of dismissal of the action at plaintiff's cost, defendant can not be allowed to recover back the money paid by him after the Supreme Court has decided that the acts under which the assessment was made were repugnant to the state Constitution and void.

**Municipal Corporations—Street Assessments—Payment—Mistake.**

The payment of a street assessment to avoid further litigation, can not be regarded as having been made under "a clear and palpable mistake of law," and although the assessment was illegal the money can not be said to have been paid without cause or consideration.

APPEAL FROM KENTON CIRCUIT COURT.

January 18, 1873.

OPINION BY JUDGE LINDSAY:

It is evident that Chambers did not pay the amount assessed against him for the improvement of Madison street with Nicholson pavement under any mistake of fact.

: That he had reason to believe that the assessment was unconstitutionally made, is manifested by his answer to the suit of Bristol.

It seems that so soon as the circuit court adjudged his defense insufficient, he paid the money, upon the agreement that Bristol should dismiss his action at his own costs, not wanting to have it coerced out of him by judgment and execution.

The payment was not made under duress, but to escape being harassed by litigation. The agreement between Chambers and Bristol was in a certain sense a compromise of a doubtful claim, fully and voluntarily made.

It was subsequently decided by this court that the acts under which the street was improved and the assessments made, were repugnant to the state constitution and void, and hence that the property owners could not be compelled to pay them. Chambers by abandoning his defense and paying the money even before judgment in the circuit court, deprived himself of the right to claim protection at the hands of the courts, and ought not now to be allowed to recover back the money voluntarily paid. The question of law involved in the controversy was, to say the least of it, a doubtful one, and whilst Chambers seems to have yielded to the opinion of the circuit judge in sustaining the demurrer to his answer, he paid the money upon the consideration that he should be exonerated from paying the costs, then incurred by the litigation, for which he was liable in case the law was against him.

It may be assumed that he was aware of the fact that other persons continued to resist the collection of the assessments, as we find him seeking to recover back the money paid so soon as Howell and Clendining make good their defense.

The payment in this case can not be regarded as having been made under "a clear and palpable mistake of law," and whilst the assessment was illegal, as the improvement must certainly have benefited his property to some extent, the money was not paid without any cause or consideration at all.

Under the circumstances it is difficult to conclude that "honor and good conscience" demand that it shall be refunded by the city. We are of opinion that the judgment of the circuit court is erroneous. It is therefore reversed and the cause remanded for a new trial upon principles consistent with this opinion.

*John P. Harrison, for appellant.*

*Pryor & Chambers, for appellee.*